IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-25-101-RAW |
| ) | |
| TAYVAUGHN LASHAWN CRUMP, ) | |
| ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is the appeal by the government to the protective order entered by Magistrate Judge Snow. The Indictment charges five defendants with various crimes. On June 9, 2025, the government submitted a proposed protective order. All other defendants were unopposed to the proposed protective order, but defendant Crump objected. The undersigned referred the motion to Magistrate Judge Snow, who entered a protective order which differed from the government's proposed protective order in ways specified in the appeal. (#110 at 2-4).

The government now appeals, asserting that the government's proposed protective order was identical to one previously entered in CR-24-214-RAW. The government also argues that, due to the voluminous discovery in this case, certain requirements of Magistrate Judge Snow's

order will be unduly burdensome for the government and seriously delay discovery's availability to the defense. Additionally, the government contends that a modified protective order as to defendant Crump does not reflect uniformity amongst co-defendants and consistency between cases in this district.

The undersigned concludes, as defendant argues in response (#112), that the standard of review is dispositive here. The government's arguments would make this a closer call if the undersigned were conducting *de novo* review. Rather, this appeal is governed by Rule 59(a) F.R.Cr.P., which provides that "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." *United States v. Holt,* 2024 WL 3547026, *2 (N.D.Okla.2024). The clearly erroneous standard requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.* (citation omitted). Under the "contrary to law" standard the court will only set aside a Magistrate Judge's order if it applied the wrong legal standard or applied the appropriate legal standard incorrectly. *Id.* (citation omitted). The undersigned finds that the present appeal fails under this standard.

It is the order of the court that the appeal of the United States (#110) is hereby denied.

**ORDERED THIS 14th DAY OF JULY, 2025.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**